Rockwell v. Roman Catholic Archdioc.  CV-02-239-M   10/30/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Susan S. Rockwell, Esquire,
       Plaintiff

       v.                                    Civil No. 02-239-M
                                             Opinion No. 2002 DNH 195
Roman Catholic Archdiocese of Boston,
Massachusetts; Roman Catholic Diocese
of Manchester, New Hampshire; United
States Conference of Catholic Bishops;
and Charles O. Rissotti, Commissioner,
Internal Revenue Service,
       Defendants


                          **O R D E R**


       Attorney Susan Rockwell, proceeding pro se, brings this

action against various entities within the Roman Catholic Church

(the "Church defendants"), as well as the Commissioner of the

Internal Revenue Service, claiming that defendants have deprived

her of various statutory and constitutional rights by, among

other things, refusing to ordain her as a Roman Catholic priest.

She seeks declaratory and injunctive relief, including: (1) a

declaration that the Church defendants do not qualify for tax

exempt status because they discriminate against women; (2) a

permanent injunction against the Commissioner, barring him from

continuing the tax exempt status of the Church defendants; and

(3) a permanent injunction against the Church defendants, barring them from "prohibiting free speech regarding ordination of women in the Church." Complaint at 23. She claims that, unless the "Commissioner revokes the tax exempt status and charitable deduction status of [the Church defendants], . . . she will be denied free exercise of her religion, free speech and civil rights in employment as a priest in her Church." Id. at para. 95.

On August 5, 2002, the Magistrate Judge conducted a preliminary review of plaintiff's complaint to determine whether it properly invokes this court's subject matter jurisdiction. In the wake of that review, the Magistrate Judge concluded that the complaint fails to state a prima facie claim under 42 U.S.C. § 1983 (or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)) against defendants for having violated her federally protected rights. He also concluded that plaintiff lacks standing to challenge the Church defendants' tax exempt status. Accordingly, the Magistrate Judge recommended that the court dismiss plaintiff's "First Amendment, tax and companion state [statutory and constitutional] claims." Report

2

and Recommendation (document no. 3) at 11.  The Magistrate Judge did, however, recommend that plaintiff's remaining claims - those under Title VII and New Hampshire's Law Against Discrimination - be served on defendants.[1]  Plaintiff filed an objection to the Report and Recommendation, which is presently before the court.

**Discussion**

I.   The Report and Recommendation.

As to those counts in plaintiff's complaint challenging the Church defendants' tax exempt status, the Magistrate Judge correctly concluded that plaintiff lacks standing.  Among other things, he noted that plaintiff has "drawn no factual nexus between the grant of tax exempt status and the decision not to allow women to become priests" and she "does not even attempt to address in her complaint how revocation of the Church's tax exempt status would redress the injury she complains of and allow her to become a priest."  Report and Recommendation at 11.  See

---

[1]    Although he recommended that plaintiff's gender-based discrimination claims be served on defendants (because those claims properly invoke the court's subject matter jurisdiction), the Magistrate Judge observed that, in light of the "ministerial exception" to anti-discrimination laws, plaintiff could not prevail on the merits.  Report and Recommendation at 6 n.2.

generally <u>Allen v. Wright</u>, 468 U.S. 737 (1984) (holding that, for a plaintiff to have standing, his or her alleged injury must be "fairly traceable" to the challenged action, and relief from the injury must be "likely" to follow from a favorable decision). <u>See also</u> <u>Fulani v. Brady</u>, 935 F.2d 1324 (D.C. Cir. 1991) (holding that political candidate lacked standing to challenge the tax exempt status of non-profit sponsor of political debates). Because plaintiff lacks standing to challenge the Church defendants' tax exempt status (counts 1, 3, and 4), there is no case or controversy over which the court may properly exercise its subject matter jurisdiction.

As to those counts in which plaintiff alleges that the Church defendants have violated her constitutionally protected rights (e.g., free speech, free exercise of religion, equal protection, etc.), the Magistrate correctly concluded that plaintiff's complaint fails to allege the requisite "state action." <u>See generally</u> <u>Public Utilities Comm'n v. Pollak</u>, 343 U.S. 451, 461 (1952) (holding that the First Amendment "appl[ies] to and restrict[s] only the Federal Government and not private persons"). <u>See also</u> <u>Mass. Universalist Convention v. Hildreth &</u>

4

Rogers Co., 183 F.2d 497, 501 (1st Cir. 1950) ("Plaintiff has argued that on the allegations of the complaint, it has a cause of action for the violation of its right to freedom of speech and freedom of religion under the First Amendment to the Constitution. But this Amendment limits only the action of Congress or of agencies of the federal government and not private corporations such as defendant here."); National A-1 Advertising v. Network Solutions, Inc., 121 F. Supp. 2d 156, 165-66 (D.N.H. 2000) ("By its very terms, the [First] Amendment proscribes governmental conduct, not conduct undertaken by private citizens."). Accordingly, counts 5, 6, 7, and 8 do not state viable causes of action and fail to invoke this court's subject matter jurisdiction. The same is true of the corresponding state constitutional claims (i.e., counts 11 through 14).[2]

---

[2] In her objection (document no. 6) plaintiff attempts to undermine the Magistrate Judge's reasoning by asserting that she has not pled any claims under 42 U.S.C. § 1983 or Bivens. See Plaintiff's objection at 3. Instead, she seems to believe that the court may exercise subject matter jurisdiction over her claims simply because she seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Importantly, however, the Declaratory Judgment Act does not provide courts with an independent basis for subject matter jurisdiction. See, e.g., Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996) (holding that the Declaratory Judgment Act "neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief."). So, it is not enough for

In light of the foregoing, the court approves and adopts the Magistrate Judge's Report and Recommendation (document no. 3) to the extent it recommends that counts 1, 3-8, and 11-14 be dismissed for, among other things, failing to invoke this court's subject matter jurisdiction.

## II.  Plaintiff's Remaining Claims.

Plaintiff's remaining claims generally allege that the Church defendants unlawfully discriminate against women in general, and plaintiff in particular.  In count 2, plaintiff seeks a judicial declaration that, among other things, the "teaching that the Church does not have the authority to ordain women as priests and deacons is not a 'sincerely held religious belief,'" and the "all male priesthood violates public policy, the social norm and social conscience in that it endorses an exclusively male society of seminaries, all male hierarchy,

---

plaintiff to simply claim that an individual or entity is "violating her constitutional rights."  She must also allege a viable foundation upon which the court may base its exercise of subject matter jurisdiction over that claim.  As to counts 5, 6, and 7, however, she has failed to do so.  Only count 2, in which plaintiff seeks a judicial declaration that the Church defendants "discriminate against the civil and Constitutional rights of Plaintiff and other women," complaint at para. 111, arguably provides the court with such a jurisdictional foundation: Title VII of the Civil Rights Act.

6

clergy, . . . and altar servers." Complaint at paras. 107 and 113. In the remaining two counts of her complaint, plaintiff alleges that, by refusing to allow women to become priests, the Church defendants (with the support of the Commissioner, through his continued recognition of their tax exempt status) violate the provisions of Title VII (count 9) and New Hampshire's Law Against Discrimination, N.H. Rev. Stat. Ann. 354-A (count 10).

As plaintiff herself appears to acknowledge, however, in order to prevail on her gender discrimination claims and the related declaratory judgment claim, this court would be required to depart substantially from widely accepted law (as well as circuit precedent) in this area. See Plaintiff's objection (document no. 6) at 9 (arguing for the reversal or modification of existing precedent). Specifically, for plaintiff to proceed with her discrimination claims (arising out of the Church defendants' refusal to ordain her as a priest), this court would have to disregard the so-called "ministerial exception" which, generally speaking, provides that state and federal anti-discrimination laws are not applicable to the employment relationship between a church and its ministers or clergy. See

7

<u>McClure v. Salvation Army</u>, 460 F.2d 553, 560 (5th Cir. 1972) ("the application of the provisions of Title VII to the employment relationship existing between . . . a church and its minister would result in an encroachment by the State into an area of religious freedom which it is forbidden to enter by the principles of the free exercise clause of the First Amendment.").

The "ministerial exception" has been expressly adopted by the Court of Appeals for the First Circuit. <u>See</u> <u>Natal v. Christian and Missionary Alliance</u>, 878 F.2d 1575, 1577 (1st Cir. 1989) ("Howsoever a suit may be labeled, once a court is called upon to probe into a religious body's selection and retention of clergymen, the First Amendment is implicated.") (citing <u>McClure</u>, <u>supra</u>). It has also been adopted by several other circuit courts of appeals. <u>See, e.g.</u>, <u>EEOC v. Catholic Univ. of America</u>, 83 F.3d 455, 461 (D.C. Cir. 1996) ("[T]his circuit and a number of others have long held that the Free Exercise Clause exempts the selection of clergy from Title VII and similar statutes and, as a consequence, precludes civil courts from adjudicating employment discrimination suits by ministers against the church or religious institution employing them."); <u>Young v. N. Ill. Conf. of United</u>

8

Methodist Church, 21 F.3d 184, 187 (7th Cir. 1994) (holding that "the Free Exercise Clause of the First Amendment forbids a review of a church's procedures when it makes employment decisions affecting its clergy."); Rayburn v. General Conf. of Seventh-Day Adventists, 772 F.2d 1164, 1169 (4th Cir. 1985) ("[I]ntroduction of government standards to the selection of spiritual leaders would significantly, and perniciously, rearrange the relationship between church and state.").[3]

In sum, plaintiff can only prevail on her gender-based discrimination claims if this court ignores not only a substantial and persuasive body of developed law, but specifically applicable circuit precedent as well. That, it cannot do. Consequently, even construing the factual allegations set forth in the complaint in the light most favorable to

---

[3] Parenthetically, the court notes that at least three circuit courts of appeals have held that the "ministerial exception" survives the Supreme Court's opinion in Employ't Div., Dep't of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990) (holding that the Free Exercise Clause of the First Amendment does not relieve an individual from the obligation to comply with neutral laws of general applicability). See Catholic Univ. of America, supra; Combs v. Central Texas Annual Conf. of United Methodist Church, 173 F.3d 343 (5th Cir. 1999); Gellington v. Christian Methodist Episcopal Church, Inc., 203 F.3d 1299 (11th Cir. 2000).

9

plaintiff, the court is compelled to conclude that, as a matter of law, her gender-based discrimination claims (counts 2, 9, and 10) fail to state viable causes of action. And, because it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (citation and quotation marks omitted), those counts are dismissed. See generally Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (holding that sua sponte dismissal is appropriate when "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption.").

## Conclusion

For the foregoing reasons, the court accepts and adopts the Report and Recommendation of the Magistrate Judge dated August 5, 2002, to the extent it recommends dismissal of counts 1, 3-8, and 11-14. As to the remaining counts in plaintiff's complaint - counts 2, 9, and 10 - they too are dismissed, sua sponte, for failure to state a viable cause of action in light of the well-recognized and plainly applicable "ministerial exception" to

10

state and federal anti-discrimination law.  The Clerk of Court shall close the case.

  **SO ORDERED.**

<br>

               _____
               Steven J. McAuliffe
               United States District Judge

October 30, 2002

cc: Susan Rockwell